IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **WildEarth Guardians**,<br><br>Plaintiff,<br><br>v.<br><br>**Elaine L. Chao**, et al.,<br><br>Defendants. | Case No. 4:18-cv-110-BMM<br><br><br>**Joint Proposed Case Management Plan, Initial Statements, and Stipulated Facts** |

In advance of the March 6, 2019, case management conference in the above-captioned action, the parties jointly submit this proposed case management plan. The Complaint seeks declaratory and injunctive relief to compel allegedly unlawfully withheld agency action from the federal Pipeline and Hazardous Materials Safety Administration (PHMSA) under the Administrative Procedure Act, 5 U.S.C. § 706(1). The parties believe Local Rule 16.2(a) would ordinarily exempt this case from the need to file preliminary pretrial statements, a discovery plan, and a statement of stipulated facts. But the parties nonetheless

address those issues below as part of their proposed schedule for disposing of this case.  In so doing, however, the parties note that Federal Defendants' motion to dismiss remains pending.  Any denial of that motion, and the nature of that denial, may impact the assumptions on which the parties have based the below statements and related schedule.

Plaintiff's Initial Statement.  This case is about Federal Defendants' (collectively, "PHMSA's") failure to ensure the annual examination and inspection of an extensive network of oil and gas pipelines and associated facilities on publicly-owned, federally-managed lands throughout the United States. The Mineral Leasing Act ("MLA"), 30 U.S.C. § 185(w)(3), requires that "[p]eriodically, but at least once a year, the Secretary of the Department of Transportation shall cause the examination of all [oil and gas] pipelines and associated facilities on Federal lands and shall cause the prompt reporting of any potential leaks or safety problems."

Oil and gas pipelines stretch extensively across public lands in the western United States, particularly in Montana, Colorado, Nevada, New Mexico, Utah, and Wyoming, where significant oil and gas

production occurs. When these pipelines leak, they emit benzene, toluene, ethylbenzene, xylene, or other volatile organic compounds, substances which cause a range of health impacts depending on length of exposure. Health impacts from short-term exposure include dizziness, shortness of breath, and rapid heart rate. Long-term exposure to these substances can impact brain, liver, and kidney functions, and cause cancers such as leukemia. There is also a growing body of research on the mental health impacts from exposure to oil spills including anxiety, post-traumatic stress disorder, and depression.

Pipeline explosions, leaks, and other incidents regularly occur on federal public lands within the Intermountain West. Flowlines—the smallest pipelines on federal lands—alone accounted for 7,000 spills, leaks, and accidents since 2009. The trend for pipeline incidents harming the environment has risen over the last decade.

In its Motion to Dismiss, PHMSA proffers the defense that it is complying with MLA Section 185(w)(3) through the Pipeline Safety Act ("PSA") regulations. But, PHMSA also admits that the PSA regulations exclude from the annual inspection requirement certain pipelines such as flowlines and some gathering lines. As explained in Guardians' response to PHMSA's Motion, Guardians' failure-to-act claim under 5

U.S.C. § 706(1) is premised on PHMSA's failure to cause inspection of pipelines not already covered by existing regulations. Thus, PHMSA has failed to ensure the annual examination of *all* pipelines on federal lands, regardless of size or location, as required by the plain language of MLA Section 185(w)(3). Because Guardians is challenging PHMSA's failure to perform a nondiscretionary duty under 5 U.S.C. § 706(1), this Court has jurisdiction.

PHMSA also challenges Guardians' Article III standing on causation and redressability grounds. Guardians has alleged sufficient facts to demonstrate standing at the Motion to Dismiss stage. These allegations, which must be taken as true and construed in Guardians' favor, include: (1) specific, concrete harms to Guardians members from exposure to the sights, sounds, and odors from pipelines underlying federal lands; (2) PHMSA's failure to comply with its nondiscretionary duty to cause pipeline inspections causes these harms; and (3) identification of spills and leaks in flow lines and gathering lines not previously subject to an inspection requirement under the PSA will redress (even if only partially) Guardians' injuries.

Finally, Guardians has sufficiently established venue in the District of Montana: (1) Guardians maintains an office in the District;

4

(2) Guardians has members and supporters who reside and/or recreate in this District and are exposed to uninspected pipelines; and (3) a number of the pipelines at issue in this case pass through federal public lands in several counties within the Great Falls Division; these lands are used by Guardians' members.

Defendants' Initial Statement.   This case implicates PHMSA's regulations for pipeline safety, which "cause" at least annual pipeline examinations.  *See* 49 C.F.R. Parts 191, 192, 195.  WildEarth Guardian's position is essentially that, because those regulations exclude (justifiably, in PHMSA's view) certain categories of pipelines, PHMSA is acting contrary to 30 U.S.C. § 185(w)(3).  Thus, though styled as a case to compel PHMSA to cause examination of certain categories of pipelines, this case is more properly viewed as a challenge to an agency action that has already occurred: PHMSA's issuance of its pipeline safety regulations.

As articulated in our pending dismissal motion, there are several reasons the Complaint should be dismissed.  The grievances raised in the Complaint trigger the jurisdictional provision in 49 U.S.C. § 60119, which places exclusive jurisdiction in the courts of appeals for alleged

grievances arising from PHMSA's pipeline safety regulations.

Separately, because 49 U.S.C. § 60119—regardless of whether circuit

court jurisdiction were exclusive with respect to the Complaint here—

could provide Plaintiff an adequate remedy in the circuit courts and

because PHMSA has already acted to "cause" pipeline examinations

(even if not to Plaintiff's satisfaction), the APA is not available as a

cause of action in district court.  The Complaint also fails to adequately

plead Article III standing, including by failing to allege facts relating to

the third-party pipeline operators.  Should the Court determine it has

jurisdiction over the Complaint and that the Complaint adequately

states a claim, the question of proper venue may need to be resolved

(and the Complaint transferred to another district court) depending on

what remains of the case.  *See* 28 U.S.C. § 1406(a).  Specifically, the face

of the Complaint does not appear to adequately establish venue in the

District of Montana, as opposed to the District of Columbia (where

PHMSA is located) or the District of New Mexico (Plaintiff's principal

place of business).

Should the Complaint pass the pleadings stage, other questions of

justiciability may arise on summary judgment (again depending on if,

and the manner in which, the Court were to deny the motion to

dismiss). These include questions of standing (Plaintiff's burden will be greater at the summary judgment stage) and laches (the scope of PHMSA's program for causing pipeline examinations has been a matter of public record for several decades). The merits of the Complaint, should the Court reach them, would present a legal issue that could be resolved through summary judgment briefing: whether 30 U.S.C. § 185(w)(3) requires PHMSA to cause the examination of pipelines that are excluded from PHMSA's existing regulations in accordance with Congress's statutory scheme for pipeline safety. For example, PHMSA does not regulate certain rural gas and liquid gathering lines because Congress has specifically exempted those lines from regulation. *See* 49 U.S.C. § 60101(21)(B), (22)(B)(iii).

Joint Discovery Plan. The parties at this time do not envision the need for any discovery. As the Complaint raises claims under the APA—for which, with certain exceptions arising in case law, judicial review would normally be based on an administrative record (*see* 5 U.S.C. § 706)— this case is exempt from initial disclosure (*see* Fed. R. Civ. P. 26(a)(1)(B)) and the need for a discovery plan under Rule 26(f) (*see* Fed.

R. Civ. P. 26(f)(1)). Further, the parties agree that resolving the merits here (should the Court reach them) would involve only legal questions.

Joint Scheduling Proposal. The parties believe the merits (should the Court reach them) present legal questions that can be resolved on cross-motions for summary judgment. We propose a schedule below. Because the merits could be resolved without the need for an administrative record, the parties have not included a deadline for lodging the record or adequacy challenges thereto. Should any denial of the motion to dismiss change the parties' present understanding of the case's scope, counsel would plan to confer, determine if an administrative record would be appropriate, and, if necessary, move to modify the schedule. Given the pendency of the motion to dismiss, the parties state their proposal in time periods rather than specific dates. Counsel will be prepared to discuss specific dates for these time periods at the scheduling conference, should the Court deem it appropriate.

- Federal Defendants will file any motion to transfer venue within 14 days of any denial of the motion to dismiss. Should such a motion be filed, either party may file a motion to stay other deadlines pending a decision on the transfer motion.

- Federal Defendants will file an answer within 21 days of any denial of the motion to dismiss.

- Plaintiff will file its motion for summary judgment 28 days after Federal Defendants answer the Complaint.

- Federal Defendants will file their combined response and cross-motion 28 days after Plaintiff's motion.

- Plaintiff will file its combined reply and response 28 days after Federal Defendants' cross-motion.

- Federal Defendants will file their reply 14 days after Plaintiff's combined reply and response.

Statement of Stipulated Facts.  Because the merits of this case (should the Court reach them) will likely raise only legal questions, the parties are not submitting any stipulated facts.

Respectfully submitted on this 25th day of February, 2019

JEAN E. WILLIAMS
Deputy Assistant Attorney
General

 s/ *Kristofor R. Swanson*
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Senior Attorney
Natural Resources Section
Envt. & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

/s/ *Rebecca Fischer*
Rebecca Fischer, *pro hac vice*
CO Bar No. 51604
WildEarth Guardians
2590 Walnut Street
Denver, Colorado 80205
(406) 698-1489
rfischer@wildearthguardians.org

/s/ *Samantha Ruscavage-Barz*
Samantha Ruscavage-Barz, *pro hac vice*
NM Bar No. 23276

9

Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

WildEarth Guardians
516 Alto Street
Santa Fe, New Mexico 87501
(505) 401-4180
sruscavagebarz@wildearthguardians.org

/s/ *Sarah McMillian*
Sarah McMillan
WildEarth Guardians
P.O. Box 7516
Missoula, MT 59807
(406) 549-3895
smcmillan@wildearthguardians.org