IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

|  |  |  |
|---|---|---|
| WILDEARTH GUARDIANS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:18-cv-00110-BMM |
| | ) | |
| v. | ) | |
| | ) | |
| ELAINE L. CHAO, in her official | ) | |
| capacity as United States Secretary of | ) | |
| Transportation, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants Elaine L. Chao, in her official capacity as United States

Secretary of Transportation, the United States Department of Transportation,

Howard Elliot, in his official capacity as Administrator of the Pipeline Hazardous

Materials Safety Administration ("PHMSA"), and PHMSA hereby answer the

correspondingly numbered paragraphs of the Complaint for Declaratory and

Injunctive Relief.  Any allegation not specifically admitted, denied, or qualified, is

denied.

1.      Defendants admit that the Department of Transportation is an

executive branch agency and that PHMSA is an operating administration of that

Department.  The remainder of Paragraph 1 constitutes Plaintiff's characterization

of this case, which requires no response.  To the extent a response is required, Defendants deny the allegations and aver that this case is a collateral attack on PHMSA's pipeline safety regulations found in 49 C.F.R. Parts 191, 192, and 195. To the extent Plaintiff intended to make allegations related to the photograph preceding Paragraph 1, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that it has conducted an "intensive investigation."  Defendants deny the remaining allegations in the first sentence of Paragraph 2.  The allegations in the second sentence of Paragraph 2 consist of Plaintiff's characterizations of the Mineral Leasing Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Mineral Leasing Act, Defendants deny the allegations.

3.      Defendants deny the allegations in Paragraph 3.

4.      Paragraph 4 contains Plaintiff's characterization of this case, which requires no response.  To the extent a response is required, Defendants deny any violation of law, and deny that Plaintiff is entitled to any relief.

5.      The allegations in Paragraph 5 state legal conclusions, which require no response.  To the extent a response is required, Defendants admit that Plaintiff

asserts a claim pursuant to the Administrative Procedure Act based on a purported

violation of the Mineral Leasing Act, but otherwise denies the allegations.

6.     Defendants deny that the Court has jurisdiction over this action.

7.     The allegations in Paragraph 7 state legal conclusions, which require

no response.  To the extent a response is required, Defendants admit that Plaintiff

challenges final agency actions – PHMSA's pipeline safety regulations – but deny

that those actions are subject to review under the Administrative Procedure Act.

8.     The allegations in Paragraph 8 state legal conclusions, which require

no response.  To the extent a response is required, Defendants deny the allegations.

9.     Defendants deny the allegations in Paragraph 9.

10.    The allegations in Paragraph 10 state legal conclusions, which require

no response.  To the extent a response is required, Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to any relief whatsoever.

11.    Defendants admit that pipelines pass through federal public lands

within the Great Falls Division.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations related to the location of

Plaintiff's membership.  The remainder of the allegations in Paragraph 11 state

legal conclusions, which require no response.  To the extent a response is required,

Defendants deny the allegations.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     Defendants admit that oil and gas pipelines cross public lands, and that oil and gas production occurs in the western United States.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and the referenced map.

16.     Defendants admit that pipelines are generally marked by signs and sometimes include above-ground equipment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and the two photographs that follow.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and the photograph referenced therein.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.  In addition, the allegations in Paragraph 19 are vague and lack sufficient specificity.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 20.  The remaining allegations in Paragraph 20 consist of Plaintiff's characterizations of the cited document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Defendants deny the allegations.

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 21.  Those allegations are also vague in their use of "pipelines."  The remaining allegations in Paragraph 21 consist of Plaintiff's characterizations of the cited document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Defendants deny the allegations.

22.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's members' intentions and harms in the first and fourth sentences of Paragraph 22.  Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.  Defendants deny any violations of law and deny that Plaintiff is entitled to any relief whatsoever.

24.     Defendants deny that the Secretary of Transportation is "responsible for the administration of the transportation systems in the United States," but otherwise admits the allegations in Paragraph 24.

25.     Defendants admit that the Department of Transportation is a federal agency, and that PHMSA is an operating administration of the Department. Defendants deny the remaining allegations in Paragraph 25.

26.     Defendants admit that PHMSA is an operating administration of the Department of Transportation, and that PHMSA issues safety regulations for natural gas pipelines and hazardous liquid (including crude oil) pipelines. Defendants deny the remaining allegations in Paragraph 26.

27.     Defendants admit that Mr. Elliott is the Administrator of PHMSA, and that the Administrator is the head of PHMSA.  Defendants deny the remaining allegations in Paragraph 27.

28.     The allegations in Paragraph 28 consist of Plaintiff's characterizations of the cited judicial opinion, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited judicial opinion, Defendants deny the allegations.

29.     The allegations in Paragraph 29 consist of Plaintiff's characterizations of the cited statutory provision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited statutory provision, Defendants deny the allegations.

30.     The allegations in Paragraph 30 consist of Plaintiff's characterizations of the cited statutory provisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited statutory provisions, Defendants deny the allegations.

31.     The allegations in Paragraph 31 consist of Plaintiff's characterizations of the cited statutory provisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited statutory provisions, Defendants deny the allegations.

32.     Defendants admit that the Mineral Leasing Act authorizes the Secretary of the Interior, or other appropriate agency heads, to authorize rights-of-way through Federal lands for pipeline purposes.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 32.  Defendants admit that the Secretary of Transportation causes the annual examination of oil and gas pipelines and associated facilities, but deny any remaining allegations in the second sentence of Paragraph 32.

33.    The allegations in Paragraph 33 consist of Plaintiff's characterizations of the cited documents, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited documents, Defendants deny the allegations.

34.    Defendants admit the allegations in Paragraph 34.

35.    Defendants admit that the Secretary of Transportation has delegated to PHMSA any responsibilities under 30 U.S.C. § 185(w).  The remaining allegations in Paragraph 35 consist of Plaintiff's characterizations of the cited regulations and document, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulations and document, Defendants deny the allegations.

36.    Defendants admit that PHMSA's pipeline safety regulations implement, among other things, several pipeline safety statutes enacted by Congress, but deny the remaining allegations in the first sentence of Paragraph 36. Defendants deny the allegations in the second sentence of Paragraph 36.  The remaining allegations in Paragraph 36 consist of Plaintiff's characterizations of the cited regulatory and statutory provisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited regulatory and statutory provisions, Defendants deny the allegations.

37.     The allegations in Paragraph 37 consist of Plaintiff's characterizations of the cited statutory provisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited statutory provisions, Defendants deny the allegations.

38.     The allegations in Paragraph 38 consist of Plaintiff's characterizations of the cited statutory provision and judicial opinion, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited statutory provision and judicial opinion, Defendants deny the allegations.

39.     The allegations in Paragraph 39 consist of Plaintiff's characterizations of the cited statutory provisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited statutory provisions, Defendants deny the allegations.

40.     Defendants admit the allegations in Paragraph 40.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.  In addition, the allegations are vague in their failure to define the information obtained from BLM.

42.     Defendants admit that the pipe used in oil and natural gas pipeline systems, except for gas service lines, can range in size from 2 inches to 42 inches, but otherwise deny the allegations in Paragraph 42.

43.     Defendants deny that a flow line is one of the smallest pipelines.  The remaining allegations in the first sentence of Paragraph 43 consist of Plaintiff's characterizations of the cited document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited documents, Defendants deny the allegations.  The allegations in the second sentence of Paragraph 43 are vague in their use of "risk," and on that basis Defendants deny the allegations.  The allegations in the third sentence of Paragraph 43 consist of Plaintiff's characterizations of the cited document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Defendants deny the allegations.

44.     Defendants admit the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 consist of Plaintiff's characterizations of the cited document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Defendants deny the allegations.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 46.  Defendants admit PHMSA issued a proposed rulemaking in 2016 and that the proposed rule has not been finalized.  The remaining allegations in Paragraph 46 consist of Plaintiff's characterizations of the cited documents, which speak for

themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited documents, Defendants deny the allegations.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants admit the allegations in the first and second sentences of Paragraph 48.  Defendants admit that the graphic pasted below the third sentence of Paragraph 48 generally demonstrates the relationship between gathering, transmission, and distribution lines.

49.     Defendants admit that there is a risk of harm from an oil or gas pipeline failure or accident, but otherwise deny the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 consist of Plaintiff's characterizations of the cited document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Defendants deny the allegations.

51.     The allegations in the first sentence of Paragraph 51 consist of Plaintiff's characterizations of the cited document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in the second sentence of Paragraph 51.

52.     The allegations in Paragraph 52 consist of Plaintiff's characterizations of the cited document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Defendants deny the allegations.

53.     The allegations in Paragraph 53 consist of Plaintiff's characterizations of the cited document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Defendants deny the allegations.

54.     The allegations in Paragraph 54 consist of Plaintiff's characterizations of the cited document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Defendants deny the allegations.

55.     Defendants deny the allegations in the first sentence of Paragraph 55, and aver that between 1999 and 2018 there were 11,991 pipeline incidents reported to PHMSA.  The remaining allegations in Paragraph 55 consist of Plaintiff's characterizations of the cited regulatory provision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited regulatory provision, Defendants deny the allegations.

56.     Defendants deny the allegations in Paragraph 56.  Defendants aver that between 1999 and 2018, pipeline incidents reported to PHMSA resulted in 318

fatalities, 1304 injuries, and approximately $8.3 billion in damages.  Defendants aver that between 1999 and 2018, there were 828 pipeline incidents reported to PHMSA in Colorado, Montana, Nevada, New Mexico, Utah, and Wyoming, resulting in 25 fatalities and 72 injuries.

57.     Defendants deny the allegations in the first sentence of Paragraph 57. Defendants deny the characterization that the pipeline "burst," but otherwise admit the allegations in the second sentence of Paragraph 57.  The allegations in the third sentence of Paragraph 57 consist of Plaintiff's characterizations of the cited documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited documents, Defendants deny the allegations.

58.     Defendants admit that, in January 2015, a pipeline owned by Bridger Pipeline LLC spilled approximately 50,000 gallons into the frozen Yellowstone River, but otherwise deny the allegations in the first sentence of Paragraph 58. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 58.  Defendants admit the allegations in the third sentence of Paragraph 58.

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61.     Defendants admit the allegations in the first sentence of Paragraph 61. Defendants deny the allegations in the second and final sentences in Paragraph 61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 61.

62.     The allegations in Paragraph 62 consist of Plaintiff's characterizations of documents it received from the Bureau of Land Management.  Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     Defendants deny the allegations in the first and final sentences of Paragraph 65.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     Defendants deny the allegations in the first two sentences of Paragraph 67 as vague in their reference to "spills."  The remaining allegations in Paragraph 67 consist of Plaintiff's characterizations of the cited document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Defendants deny the allegations.

68.     Defendants admit the allegations in the first sentence of Paragraph 68. Defendants deny the allegations in the second sentence of Paragraph 68. Defendants admit that PHMSA recognizes that, through its oversight programs, serious pipeline incidents have decreased by 20 percent since 2009, and that, when PHMSA conducts inspections and other oversight activities, pipeline incidents generally decrease.  Defendants deny the remaining allegations in the third and fourth sentences of Paragraph 68.

69.     Defendants admit that Plaintiff submitted three FOIA requests to PHMSA between December 2014 and February 2017, but deny any remaining allegations in the first sentence of Paragraph 69.  The remaining allegations in Paragraph 69 constitute Plaintiff's characterizations of its FOIA requests, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited FOIA requests, Defendants deny the allegations.

70.     Defendants admit that Plaintiff submitted a FOIA request to PHMSA dated December 8, 2014.  The remaining allegations in Paragraph 70 consist of Plaintiff's characterizations of the FOIA request, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the FOIA request, Defendants deny the allegations.

71.     Defendants admit that PHMSA responded to Plaintiff's FOIA request on December 29, 2014 by releasing 384 pages of records.  The remaining allegations in the first sentence of Paragraph 71 consist of Plaintiff's characterizations of those records, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the records, Defendants deny the allegations.  Defendants deny the allegations in the second sentence of Paragraph 71.

72.     Defendants admit that Plaintiff filed an administrative appeal dated January 13, 2015.  Defendants deny the remaining allegations in Paragraph 72.

73.     Defendants admit the allegations in the first sentence of Paragraph 73. Defendants deny the allegations in the second sentence of Paragraph 73.

74.     Defendants admit that Plaintiff submitted a FOIA request to PHMSA dated March 4, 2015, and that this request was submitted while PHMSA was considering Plaintiff's appeal regarding its earlier FOIA request.  The remaining allegations in Paragraph 74 consist of Plaintiff's characterizations of the FOIA

request, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the FOIA request, Defendants deny the allegations.

75.     Defendants admit that PHMSA sent a letter acknowledging Plaintiff's FOIA request on March 16, 2015.  The remaining allegations in the first sentence of Paragraph 75 consist of Plaintiff's characterizations of the letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the letter, Defendants deny the allegations.  Defendants admit that Plaintiff met with PHMSA staff on or around March 25, 2015, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second, third, and fourth sentences of Paragraph 75.

76.     Defendants admit that Plaintiff sent documents to PHMSA on April 1, 2015.  The remaining allegations in Paragraph 76 consist of Plaintiffs' characterization of the documents, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the documents, Defendants deny the allegations.

77.     Defendants admit that PHMSA produced 93 pages of records to Plaintiff on April 23, 2015.  The remaining allegations in Paragraph 77 consist of Plaintiffs' characterization of the records, which speak for themselves and are the

best evidence of their contents.  To the extent the allegations are inconsistent with the records, Defendants deny the allegations.

78.     Defendants admit that PHMSA produced 197 pages of records to Plaintiff on May 4, 2015.  The remaining allegations in Paragraph 78 consist of Plaintiffs' characterization of the records and PHMSA's cover letter, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the records and PHMSA's cover letter, Defendants deny the allegations.

79.     Defendants admit that Plaintiff filed an administrative appeal on June 18, 2015.  The remaining allegations in Paragraph 79 consist of Plaintiff's characterizations of the appeal, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the appeal, Defendants deny the allegations.

80.     Defendants admit the allegations in the first, second, and fourth sentences, and that PHMSA sent Plaintiff a letter on September 3, 2015.  The remaining allegations in Paragraph 80 consist of Plaintiff's characterizations of the letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the letter, Defendants deny the allegations.

81.     Defendants admit that Plaintiff submitted a FOIA request to PHMSA dated February 24, 2017.  The remaining allegations in Paragraph 81 consist of

Plaintiff's characterizations of the FOIA request, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the FOIA request, Defendants deny the allegations.

82.     Defendants admit that Plaintiff attached an Exhibit to its February 24, 2017 FOIA request. The remaining allegations in Paragraph 82 consist of Plaintiffs' characterization of the exhibit and FOIA request, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the exhibit and FOIA request, Defendants deny the allegations.

83.     Defendants admit that PHMSA sent Plaintiff a letter on March 24, 2017, and that Plaintiff responded by email on March 25, 2017. The remaining allegations in Paragraph 83 consist of Plaintiffs' characterization of PHMSA's letter and Plaintiff's response, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the PHMSA's letter and Plaintiff's response, Defendants deny the allegations.

84.     Defendants admit that PHMSA sent a letter to Plaintiff on May 31, 2017. The remaining allegations in Paragraph 84 consist of Plaintiff's characterizations of the letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the letter, Defendants deny the allegations.

85.     Defendants admit that Plaintiff sent a letter to PHMSA on May 31, 2017.  The remaining allegations in Paragraph 85 consist of Plaintiff's characterizations of the letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the letter, Defendants deny the allegations.

86.     Defendants admit that PHMSA sent a letter to Plaintiff on June 14, 2017.  The remaining allegations in Paragraph 86 consist of Plaintiff's characterizations of the letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the letter, Defendants deny the allegations.

87.     Defendants admit the allegations in the first two sentences of Paragraph 87 and that PHMSA sent a letter to Plaintiff on November 9, 2017.  The remaining allegations in Paragraph 87 consist of Plaintiff's characterizations of the November 9 letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the letter, Defendants deny the allegations.

88.     Defendants deny the allegations in the final sentence of Paragraph 88. The remaining allegations in Paragraph 88 consist of Plaintiff's characterizations of PHMSA's regulations, which speak for themselves and are the best evidence of

their contents.  To the extent the allegations are inconsistent with PHMSA's regulations, Defendants deny the allegations.

89.    The allegations in Paragraph 89 consist of Plaintiff's characterizations of PHMSA's regulations and the cited statutory provision, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with PHMSA's regulations and the cited statutory provision, Defendants deny the allegations.

90.    Defendants deny the allegations in the final sentence of Paragraph 90. The remaining allegations in Paragraph 90 consist of Plaintiff's characterizations of the cited regulatory provisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited regulatory provisions, Defendants deny the allegations.

91.    Defendants deny the allegations in Paragraph 91.

92.    Defendants deny the allegations in Paragraph 92.

93.    Defendants deny the allegations in Paragraph 93.

94.    Defendants deny the allegations in the final sentence of Paragraph 94. The remaining allegations in Paragraph 94 consist of Plaintiff's characterizations of the cited regulatory provision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited regulatory provision, Defendants deny the allegations.

95.     The allegations in Paragraph 95 consist of Plaintiff's characterizations of the cited statutory and regulatory provisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited statutory and regulatory provisions, Defendants deny the allegations.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants incorporate by reference all preceding responses.

98.     The allegations in Paragraph 98 consist of Plaintiff's characterizations of the cited statutory provision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited statutory provision, Defendants deny the allegations.

99.     Defendants deny the allegations in Paragraph 99.

100.   Defendants deny the allegations in Paragraph 100.

101.   Defendants deny the allegations in Paragraph 101.

102.   Defendants deny the allegations in Paragraph 102.

103.   Defendants deny the allegations in Paragraph 103.

## PRAYER FOR RELIEF

The remainder of the Complaint contains Plaintiff's requests for relief, which require no response. To the extent a response is required, Defendants deny

all of the allegations set forth therein and deny that Plaintiff is entitled to any of the

relief requested or to any other forms of relief.

## AFFIRMATIVE DEFENSES

1.  The Court lacks jurisdiction over Plaintiff's claims.

2.  Plaintiff lacks standing.

3.  Plaintiff's claims are barred by laches.

4.  Plaintiff's claims are barred by the applicable statute of limitations.

5.  Plaintiff fails to state a claim upon which relief can be granted

6.  Venue is not proper in this district.


Date: June 14, 2019

<div style="margin-left: 40%;">

JEAN E. WILLIAMS
Deputy Assistant Attorney General

_Kristofor R. Swanson_____
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Senior Attorney
Natural Resources Section
Envt. & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

</div>

Of Counsel:
PAUL M. GEIER
  Assistant General Counsel

CHARLES E. ENLOE
  Trial Attorney
*U.S. Department of Transportation*

PAUL ROBERTI
  Chief Counsel
VASILIKI TSAGANOS
  Deputy Chief Counsel
BENJAMIN FRED
  Deputy Assistant Chief Counsel
JOSEPH HAINLINE
  Attorney Advisor
*Pipeline and Hazardous Materials
  Safety Administration*